J-S88045-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
                                     :             PENNSYLVANIA

            Appellee          :

                                   :

       v.                 :

                                   :

ARTHUR FARWARD,              :

                                 :

           Appellant       :     No. 1482 EDA 2016

Appeal from the PCRA Order April 13, 2016
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005490-2007

BEFORE:  OLSON, RANSOM, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:       **FILED FEBRUARY 16, 2017**

Arthur Farward (Appellant) *pro se* appeals from the April 13, 2016 order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA Court summarized the facts underlying this case as follows.

> On May 11, 2007, [Appellant] was arrested at approximately 11:00 pm for what is known as operation Trigger Lock.  This operation consisted of joint law enforcement between the Chester Police and Pennsylvania State Police intending to lessen the crime of Chester.  Chester Police Officer Donald Jackson and [Corporal] Reilly were in a marked state police patrol car when they spotted two men engaging in what they believed was a drug sale in the area of Hayes Street.  As the patrol car approached the two men, the two men separated and walked away in opposite directions.  After [Appellant] discarded something by a fence, [Corporal] Reilly got out of the car to follow [Appellant] while Officer Jackson walked over to the fence to investigate the discarded item.  Officer Jackson discovered that the discarded item was cocaine so he told [Corporal] Reilly to arrest [Appellant].  [Corporal] Reilly arrested [Appellant] but

* Retired Senior Judge assigned to the Superior Court

did not arrest [him] until he was told by Officer Jackson that the discarded item was cocaine.

Once [Appellant] was in custody, [Corporal] Reilly conducted a pat-down which led to [Corporal] Reilly discovering additional cocaine on [Appellant's] person. [Appellant] advised [Corporal] Reilly that the substance was cocaine before [Corporal] Reilly took it and confiscated it from [Appellant].

PCRA Court Opinion, 7/20/2016, at 1-2 (citations omitted).

Appellant was arrested and charged with, *inter alia*, possession with intent to deliver cocaine (PWID) and possession of drug paraphernalia. On September 25, 2008, a jury returned a guilty verdict on those charges. On December 1, 2008, Appellant was sentenced to an aggregate term of five to ten years of incarceration.[1] On January 25, 2011, this Court affirmed Appellant's judgment of sentence, and on August 10, 2011, our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Farward***, 23 A.3d 1092 (Pa. Super. 2011), *appeal denied*, 26 A.3d 1101 (Pa. 2011).[2]

On May 25, 2012, Appellant *pro se* timely filed a PCRA petition. On June 12, 2012, counsel was appointed, and the PCRA court directed counsel to file an amended PCRA petition. On November 9, 2012, Appellant

---

[1] This sentence was composed of a five to ten year term of incarceration for PWID and a concurrent term of six to twelve months of incarceration for possession of drug paraphernalia.

[2] During the direct appeal process, Appellant sought to proceed *pro se* and was eventually granted leave to do so after a remand for the trial court to conduct a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

requested that counsel withdraw his appearance, and the PCRA court conducted a *Grazier* hearing on July 11, 2013. The PCRA court permitted counsel to withdraw, and Appellant was permitted to proceed *pro se* and file a supplemental petition.

On September 16, 2013, Appellant filed a supplemental PCRA petition. On August 24, 2015, the Commonwealth filed an answer to the PCRA petition and a motion to dismiss. On September 1, 2015, the PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. Appellant filed a response, and the PCRA court dismissed Appellant's petition without a hearing on April 14, 2016. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant states the following eight questions on appeal *verbatim*.

[1.] Did ADA commit a *Brady*[3] violation where he clearly stated on the record that there was no video evidence?

[2.] Did officer/corporal violate [A]ppellant's due process right where he failed to preserve exculpatory evidence?

[3.] Did judge err where he determined that [A]ppellant was not prejudiced where pre-trial counsel failed to request video evidence prior to the 60 day time frame of destruction of video evidence?

[4.] Was pre-trial counsel ineffective where he failed to subpoena the mobile video recorder custodian to testify to if he preserved any video evidence from the night in question May 12, 2007?

---

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

[5.] Was pre-trial counsel ineffective for failure to request logs to determine if any video evidence was retained or duplicated from the incident?

[6.] Was pre-trial [counsel] ineffective for failure to acquire Pennsylvania State Police policy concerning video evidence Duplication/Retention?

[7.] Did Commonwealth enhance Appellant's sentence per statute that has since been deemed unconstitutional?

[8.] Did Commonwealth have PCRA in control when said statute became unconstitutional and never attempted to correct illegal sentence?

Appellant's Brief at 4 (verbatim; unnecessary capitalization omitted).[4]

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting ***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

Appellant's first six questions concern the preservation of the video produced by the police vehicle's dashboard camera. By way of background, prior to trial, Appellant filed a motion to dismiss the charges on the basis that the Commonwealth failed to turn over dash cam video related to the May 11, 2007 incident. According to Appellant, this video would have proven his theory that the drugs recovered from the area near the fence

---

[4] In violation of Pa.R.A.P. 2119(a), which provides that "[t]he argument shall be divided into as many parts as there are questions to be argued," Appellant's argument section is divided only into three sections: 1) "Brady violation Claim;" 2) "Ineffective Assistance of Counsel;" and 3) "Illegal Sentence." Appellant's Brief at 7a, 7b, 7c (*verbatim*).

were not his, and thus the amount of drugs recovered on his person would amount only to simple possession. *See* N.T., 3/10/2008, at 12-15.

Counsel requested this video by letter dated October 29, 2007. Counsel for Appellant was told initially that the dash cam video recorder had never been activated. However, Appellant informed counsel that he believed the dash cam video was recording during this incident, so counsel filed a motion to compel, which was granted by the trial court. At that point, the Commonwealth learned that the tape had not been preserved.[5] The trial court denied Appellant's motion to dismiss the charges on this basis.

On direct appeal, Appellant argued that his rights were violated pursuant to *Brady*.

> [Our Supreme] Court has explained that, in order to establish a *Brady* violation, a defendant must show that: (1) evidence was suppressed by the state, either willfully or inadvertently; (2) the evidence was favorable to the defendant, either because it was exculpatory or because it could have been used for impeachment; and (3) the evidence was material, in that its omission resulted in prejudice to the defendant.

*Commonwealth v. Willis*, 46 A.3d 648, 656 (Pa. 2012).

---

[5] As mentioned above, this arrest was the product of a joint operation between the Pennsylvania State Police and the Chester Police. According to Corporal Reilly of the Pennsylvania State Police, it was his responsibility to request the video be preserved and he forgot to do so. He testified that because Chester Police Officer Jackson handled the arrest, he "forgot to fill out the [mobile video recorder] request." N.T., 3/10/2008, at 35. Because he never requested the tape be preserved, the video was placed back into circulation after 60 days according to the policy. *Id*. Thus, the video had been overwritten and was no longer in existence by July 2007.

This Court held Appellant was not entitled to relief "because the tape did not exist at the time the discovery request was made in November of 2007. Because the tape was not available to the prosecution, the Commonwealth could not have produced it." *Farward*, 23 A.3d 1092 (unpublished memorandum at 25). Moreover, this Court concluded that Appellant was not prejudiced because the "result of the proceeding would [not] have been different." *Id*. Thus, this Court denied Appellant relief on this *Brady* claim.

Here, Appellant's first argument essentially challenges the propriety of this decision. Appellant claims that the trial court abused its discretion in ruling "that [A]ppellant was not prejudice[d] where [A]ppellant failed to ask for video evidence within the 60 day window where the evidence was supposed to be taped over." Appellant's Brief at 7a. To the extent Appellant is challenging the trial court's conclusion that Appellant's rights were not violated pursuant to *Brady*, the PCRA cannot provide relief to Appellant because it was previously litigated. *See* 42 Pa.C.S. § 9544(a)(2) ("[A]n issue has been previously litigated if … the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue."); 42 Pa.C.S. § 9543 ("To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following … (3) [t]hat the allegation of error has not been previously litigated ….").

- 6 -

Appellant also argues on appeal that counsel was ineffective in failing to obtain the dash cam video.[6] We consider this issue mindful of the following.

> [I]n order to obtain relief based on [an ineffective assistance of counsel] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.
>
> Trial counsel is presumed to be effective, and a PCRA petitioner bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.

*Commonwealth v. Steckley*, 128 A.3d 826, 831 (Pa. Super. 2015) (internal citations omitted).

Instantly, the Pennsylvania State Police had a policy with respect to preservation of dash cam video, which Corporal Reilly acknowledged he did not follow in this case. Counsel for Appellant was entitled to rely on police following their own policies and procedures. Thus, it was appropriate for counsel to first request this dash cam video in accordance with the practice that the formal arraignment is the trigger-date for the filing of discovery

---

[6] "[A] reviewing court must consider and substantively analyze an ineffectiveness claim as a distinct legal ground for PCRA review because while an ineffectiveness claim may fail for the same reasons that the underlying claim faltered on direct review, the Sixth Amendment basis for ineffectiveness claims technically creates a separate issue for review under the PCRA." *Commonwealth v. Tedford*, 960 A.2d 1, 14 (Pa. 2008) (internal quotation marks omitted).

requests.[7]  However, the dash cam video had already been erased at that juncture, so counsel could not have done anything to be more effective under these circumstances. ***See Commonwealth v. Brown***, 872 A.2d 1139 (Pa. 2005) (holding counsel was not ineffective for failing to have handgun fingerprinted where the detective "testified at trial that the handgun was supposed to be submitted for fingerprints, but was not because of a mistake made by the police department;" thus, "trial counsel had nothing to do with the reason why the gun was not promptly fingerprinted, [so] there is no arguable merit to the issue of trial counsel's ineffectiveness in this regard). Accordingly, there is no arguable merit to Appellant's position, and he is not entitled to relief on this basis.

Appellant's final two issues challenge the legality of his sentence. Appellant contends he was sentenced to a mandatory minimum term of incarceration in this case[8] in violation of ***Alleyne v. United States***, 133 S.Ct. 2151 (2013),[9] and its progeny. Appellant's Brief at 7c.  Here, Appellant

---

[7] Pennsylvania Rule of Criminal Procedure 570(A)(1) provides that "[a]t any time after the filing of an information, upon motion, or upon its own motion, the court may order the attorney for the Commonwealth and the defense attorney or the *pro se* defendant to appear before it for a conference … to consider: (1) the terms and procedures for pretrial discovery and inspection[.]"

[8] Appellant also mentions a different case docketed at "2936-08." Appellant's Brief at 7c.  Because this appeal does not involve that case, we will not address it.

[9] "In ***Alleyne***, the United States Supreme Court held [a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to

- 8 -

was sentenced to a mandatory minimum term of five years of incarceration for the PWID conviction pursuant to 18 Pa.C.S. § 7508.

> [I]n **Commonwealth v. Mosley**, 114 A.3d 1072 (Pa. Super. 2015), a direct appeal, this Court has expressly struck down the mandatory minimum sentencing provision implicated in the present case, 18 Pa.C.S. § 7508, which increased a sentence based upon the weight of the drugs, as determined at sentencing by the court under the preponderance of the evidence burden of proof.
>
> However, Appellant conflates the concept of illegal sentences with whether **Alleyne** can be applied retroactively in the collateral review context. The [Court in **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016)] clearly articulated that the fact that **Alleyne** may raise a legality-of-sentence issue does not obviate the need for a retroactivity analysis as to whether **Alleyne** can be applied to a collateral attack on a judgment of sentence. Additionally, our Supreme Court squarely laid to rest the latter question by ruling that **Alleyne** is not retroactive under United States Supreme Court test for ascertaining retroactivity and by refusing to find **Alleyne** retroactive on independent state grounds. It held that "**Alleyne** does not apply retroactively to cases pending on collateral review" so that the appellant's sentence "is not illegal on account of **Alleyne**." **Washington**, **supra** at 820. Thus, Appellant's sentence is not illegal under **Alleyne** because **Alleyne** is inapplicable in this collateral proceeding.

**Commonwealth v. Ciccone**, No. 3114 EDA 2014, 2016 WL 7217269, at *3 (Pa. Super. filed Dec. 13, 2016).

Instantly, Appellant's judgment of sentence was final prior to the Supreme Court's decision in **Alleyne**. Because **Alleyne** does not apply retroactively to cases pending on collateral review, Appellant is not entitled to relief.

---

the jury and found beyond a reasonable doubt." **Commonwealth v. Ruiz**, 131 A.3d 54, 57 (Pa. Super. 2015).

Having concluded that Appellant has presented no issue on appeal that entitles him to relief, we affirm the order of the PCRA court dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/2017